IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IFM THERAPEUTICS, INC., FIRST WAVE BIO, INC., GARY D. GLICK, and LUIGI FRANCHI,<br><br>Plaintiffs,<br><br>v.<br><br>LYCERA CORPORATION,<br><br>Defendant. | UNSEALED ON JUNE 15, 2017<br><br>C.A. No. 17-608-LPS |

## MEMORANDUM ORDER

At Wilmington this **12th** day of **June, 2017**:

1. On May 25, 2017, Plaintiffs IFM Therapeutics, Inc. ("IFM"), First Wave Bio, Inc. ("First Wave"), Gary D. Glick ("Glick"), and Luigi Franchi ("Franchi") (together, "Plaintiffs") sued Defendant Lycera Corporation ("Lycera") for, among other things, breach of contract, tortious interference, and a declaratory judgment. (*See* D.I. 2) Plaintiffs sought a preliminary injunction ("PI") in their prayer for relief (*see* D.I. 2 at 30-31 ¶¶ C, J) and also filed separate motions for a temporary restraining order ("TRO") (D.I. 5) and PI (D.I. 4). The parties agreed to an expedited schedule by which they completed briefing on Plaintiffs' TRO motion on June 5 and the Court heard oral argument on June 9. Having carefully reviewed all materials submitted, and recognizing the parties' joint request for an expedited decision on the TRO motion, **IT IS HEREBY ORDERED** that Plaintiffs' motion (D.I. 5) is **DENIED**.

2. Glick and Franchi are former employees of Lycera. (D.I. 2 ("Compl.") ¶ 2)[1]

---

[1] The Complaint is verified. (*See* D.I. 2-1) The parties have also submitted various competing declarations. (*See* D.I. 11, 20-22, 25-27, 32)

1

Shortly after they left Lycera in 2015, Glick and Franchi founded IFM and First Wave. (*Id.*) Since then, they have filed several patent applications and assigned their rights in this intellectual property to IFM and First Wave. (*Id.*) In March and May of 2017, Lycera sent Glick and Franchi a series of letters requesting information about the patent applications and demanding assignment of Glick and Franchi's patent rights to Lycera. (*See id.* Exs. 2-3, 7-8) Lycera threatened to sue if its demands were not met. (*See, e.g., id.* Ex. 7 at 3) Plaintiffs contend that Lycera's demand letters and threatened litigation amount to actionable repudiation of a 2016 release agreement (*see* Ex. 1 to Compl. ("2016 Agreement")) entered into by, among others, Glick, Franchi, and Lycera. (*See* Compl. ¶¶ 97-104) Based on the 2016 Agreement, Plaintiffs seek to restrain Lycera from filing a separate civil action of their own,[2] and from continuing to issue document retention notices to third parties.

3. ***Legal Standards***. A temporary restraining order, like a preliminary injunction, is an "extraordinary remedy" that should be granted only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted).[3] These types of remedies are available only when the movant establishes: (1) a likelihood of success on the merits; (2) irreparable harm if the TRO or injunction is denied; (3) the balance of the equities

---

[2]At the June 9, 2017 hearing, counsel for Plaintiffs informed the Court that Plaintiffs are not seeking to enjoin Lycera from asserting counterclaims and filing a cross-motion for preliminary injunction in the instant case. In turn, counsel for Lycera represented that it would not initiate litigation in any other court relating to the disputes at issue here.

[3]At the parties' request, and as discussed during the oral argument, the Court will limit its decision at this time to the TRO motion, deferring consideration of whether Plaintiffs may eventually show entitlement to a preliminary injunction until a later date, likely following some discovery and additional briefing and oral argument. However, as both sides' briefing reflects, the Court will assess the TRO motion by the same standards that also apply to a PI motion.

tips in the movant's favor; and (4) the public interest favors the requested relief. *See id.*; *see also P.C. Yonkers, Inc. v. Celebrations, the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005) (explaining that burden lies with moving party to "establish every element in its favor").

3. ***Likelihood of Success on the Merits***. Plaintiffs ask the Court to restrain Lycera "from filing a lawsuit against Plaintiffs in which Lycera asserts any claims concerning the patent applications." (D.I. 5 at 1) Plaintiffs contend that the 2016 Agreement precludes Lycera from taking such action. The 2016 Agreement, which is dated September 7, 2016, provides in paragraph 2(b):

> [The Lycera Parties] hereby fully, finally and forever *release*, remise, acquit, and forever discharge . . . [Franchi and Glick], and their heirs, representatives, successors and *assigns* . . . from, and *agree not to sue concerning, any and all claims, demands*, suits, actions, causes of action, damages, punitive damages, penalties, costs, losses, interest, expenses and liabilities *of any kind or nature whatsoever arising from or relating to any matters of any kind*, whether legal, equitable or statutory, liquidated or unliquidated, presently known or unknown, suspected or unsuspected, *reasonably discoverable or not*, present, fixed or contingent *that any or all of the LYCERA PARTIES ever had, now has or could have had against [Franchi and Glick] from the beginning of the world to [September 7, 2016]*, regardless of when such claim, demand, suit, action, cause of action, obligation, damage, punitive damages, penalty, cost, loss, interest, expense or liability accrues or ripens. For the purposes of greater clarity, this release excludes and does not release any rights or claims arising from any omissions, acts, facts, or damages that occur after the date hereof.

(2016 Agreement ¶ 2(b)) (emphasis added)

This provision also states that Lycera is entering into the 2016 Agreement "in reliance upon" certain "certifications" being made by Glick and Franchi. (*Id.*) Specifically, Glick and

3

Franchi represented and warranted to Lycera that they had not taken any action that would amount to a breach of their confidentiality and invention assignment agreements.[4] (*See* D.I. 2-2 at 9-10 of 61) In turn, paragraph 4 of the 2016 Agreement contains the following broad warrant from Lycera:

> To its ***actual and constructive knowledge***, [Lycera] represents and warrants that as of [September 7, 2016], none of Luigi Franchi, Gary D. Glick, or Anthony W. Opipari, Jr. has breached any of the agreements referred to in Exhibit A.

(2016 Agreement ¶ 4) (emphasis added)[5]

Glick and Franchi are presently prosecuting patents in the following areas of pharmaceutical development: a new use for niclosamide, an NLRP3 gene agonist, an NLRP3 gene antagonist, and a STING receptor agonist. Lycera's March and May 2017 letters make certain demands surrounding these applications, including that Glick and Franchi assign patent rights to Lycera. (*See* Exs. 2-3, 7-8 to Compl.) Plaintiffs counter that these projects were "entirely devised" after they left Lycera's employ, that their work did not rely on Lycera's confidential information or trade secrets, and that Lycera has no rights in these applications or any patents that might issue. (*See, e.g.*, Compl. ¶¶ 38, 45, 52, 55)

On the present, limited record, it appears to be undisputed that Lycera was aware – at least constructively and in general terms – of Glick and Franchi's work in the above-listed research areas, prior to the 2016 Agreement's effective date. (*See, e.g.*, D.I. 11 ¶¶ 4-6, 9; Ex. A

---

[4]Glick also certified that he had not breached his 2015 separation agreement with Lycera. (*See* D.I. 2-2 at 9 of 61)

[5]It is undisputed that the agreements referred to in Exhibit A to the 2016 Agreement are the same employment and confidentiality agreements that Lycera, in its 2017 letters, now contends that Franchi and Glick violated.

4

to D.I. 11) Glick declares that, prior to the 2017 demand letters, Lycera never indicated that it had any objection to the work he and his new organizations were undertaking in these four areas. (*See* D.I. 11 ¶ 13)

At this early stage,[6] the Court finds that Lycera's apparent knowledge of Glick and Franchi's relevant work, combined with Lycera's express representation in paragraph 4 that Glick and Franchi had not run afoul of their obligations to Lycera, establishes a likelihood that Plaintiffs will succeed on the merits of their claims that Lycera has breached the 2016 Agreement by sending its demands and letters threatening litigation against Plaintiffs. In paragraph 2(b), Lycera contractually agreed not to sue Glick and Franchi or their "assigns" on matters including those identified in the March and May 2017 letters. Therefore, Plaintiffs have shown a likelihood of success on the merits of their claim that Lycera breached the 2016 Agreement, including by threatening to sue at least some of the Plaintiffs to obtain control of intellectual property that Plaintiffs maintain belongs solely to them and their assigns.[7]

---

[6] The Court recognizes that the record is far from fully developed. Still, it is noteworthy that Lycera has challenged few, if any, of the factual representations in Plaintiffs' declarations.

[7] For instance, the Court finds that Plaintiffs are likely to prove the following, which was articulated by Plaintiffs in their reply brief:

> Lycera fails to even address, let alone refute, the facts set forth in Dr. Glick's Declaration – that Dr. Glick expressly and repeatedly disclosed to Paul Sekhri, Lycera's CEO, the research programs involving niclosamide, NLRP3, and STING. Each of these disclosures – both in writing and in person – was made many months before the parties executed the 2016 Release Agreement. The disclosures are therefore fatal to Lycera's position, as they show that Lycera granted the releases with ***actual knowledge*** of the research Drs. Glick and Franchi pursued at First Wave and IFM.

(D.I. 24 at 1)

5

Plaintiffs also seek to restrain Lycera from "sending 'document retention notices' to any third party concerning the patent applications relating to Plaintiffs' work." (D.I. 5 at 1) They contend that these notices amount to tortious interference with their existing and prospective business relationships. Plaintiffs have not shown a likelihood of success on the merits with respect to their tortious interference claim, particularly given Plaintiffs' agreement that Lycera may file counterclaims in this action and given the reality that Lycera will have an opportunity to use all proper discovery mechanisms to litigate this lawsuit that was (after all) initiated by Plaintiffs.

On the whole, however, Plaintiffs have made a sufficient showing to meet their burden on the first prong of the TRO test. They have persuaded the Court that they are likely to succeed on the merits of at least one of their claims.

4. ***Irreparable Harm***. Plaintiffs have failed to demonstrate that, in the absence of the requested TRO, they are likely to suffer irreparable harm. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs contend that Lycera's conduct could endanger IFM's sale to a major pharmaceutical company and is holding up crucial investor financing for First Wave's research activities. But there is scant record evidence that the third-party acquisition of IFM will be deterred or delayed in the absence of the extraordinary relief that Plaintiffs seek. (*See, e.g.*, Compl. ¶¶ 86-87) Particularly given that the Court has made an initial determination that Plaintiffs are likely to succeed on the merits of their claims, that Plaintiffs have agreed that Lycera may bring any counterclaims as part of this litigation ***initiated by***

*Plaintiffs* (making litigation of the very issues with which Plaintiffs are concerned a certainty),[8] and the Court's willingness to give expedited consideration to the parties' promised counter-motions for preliminary injunctions after some limited discovery, the Court is not persuaded that any harm that likely will befall Plaintiffs in the time between today and resolution of the PI motions would be irreparable.

As Lycera's counsel explained during the oral argument, the third-party acquisition appears to be threatened by the existence of the dispute between Plaintiffs and Lycera, not by the threat of a lawsuit by Lycera. It follows that putting the parties on an expedited schedule likely to lead to expeditious resolution of their dispute in this Court will remedy the harm Plaintiffs perceive they face. In any event, Plaintiffs have failed to provide sufficient evidence to persuade the Court that some legally-cognizable irreparable harm is likely in the absence of the TRO they seek.[9]

5. ***Balance of Equities and Public Interest***. Because Plaintiffs have failed to show a likelihood of irreparable harm absent injunctive relief, their motion must be denied, and the

---

[8] As Lycera points out, Plaintiffs' own Complaint already places the underlying dispute over patent rights before this Court. (*See* D.I. 19 at 18) ("[I]f plaintiffs are right that the filing of a suit regarding ownership of the patent applications will cause plaintiffs irreparable harm, then plaintiffs have already self-inflicted that harm.")

[9] There is, for instance, very little in the record from which the Court could conclude that the presumably highly sophisticated third-party potential acquiror of IFM is going to be deterred or delayed from proceeding with a potential transaction solely because of the existence – as opposed to, say, its perception of the merits – of threatened litigation by Lycera. Similarly, the record is almost entirely devoid of evidence supporting Plaintiffs' contention that the threat of litigation by Lycera is actually harming First Wave's ability to raise funds.

Court does not need to reach the third and fourth factors of the analysis.[10]

6. In light of the Court's rulings above, **IT IS FURTHER ORDERED** that the parties shall meet and confer and submit, no later than **June 13, 2017**:

(a) their proposed schedule for consideration of Plaintiffs' preliminary injunction motion (D.I. 4) and any forthcoming cross-motion from Lycera (including appropriate deadlines for abbreviated discovery, if necessary);

(b) their proposed redactions to this sealed Order, which must be supported by good cause, *see generally Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012); and

(c) this case is referred to a magistrate judge to explore the possibility of Court-sponsored alternative dispute resolution.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[10]The Court does note, however, that it is troubled by the (as yet unproven) allegations that Plaintiffs may be in the process of engaging in inequitable conduct in connection with their pending patent applications. Should the record develop in a manner that suggests such a claim is at all plausible, it would almost certainly render it impossible for Plaintiffs to demonstrate that the balance of equities or the public interest favor extraordinary equitable relief.